This action was brought for the purpose of recovering damages by reason of the death of plaintiff's intestate, alleged to have been caused by the negligence of defendants. The plaintiff alleges that the defendants, the Yadkin Railroad Company and North Carolina Railroad Company, are separate and distinct corporations, and as such are engaged in the business of common carriers of passengers and freight. The defendant Yadkin Railroad Company owns a line of railroad extending from Salisbury, N.C. to Norwood, N.C. and the defendant North Carolina Railroad Company owns the line of railroad extending *Page 62 
from Greensboro, N.C. via Salisbury to Charlotte, N.C.; that prior to and at the time of the negligence complained of, both of said defendants had leased their aforesaid line of railroad to the Southern Railway Company, a corporation existing under and by virtue of the laws of the State of Virginia, and by virtue of said lease the said lessee company, by permission and consent of defendants, had control and possession of the aforesaid lines of railroad and was running its trains and cars thereover, in charge of its servants, agents and employees; that both defendants operate jointly the lines of said railroad from the Salisbury depot to the Salisbury Cotton Mills, which is a part of the North Carolina Railroad right-of-way. That on 22 August, 1905, plaintiff's intestate purchased of said lessee company's agent at Norwood a ticket from that point to his home, and became a passenger on said line of railroad belonging to the said defendant (45) Yadkin Railroad Company; that after becoming said passenger and taking a seat in one of the passenger-cars on said line, said intestate became suddenly ill and unconscious, and that shortly thereafter the conductor on said train aroused said intestate and obtained his ticket. Said conductor then saw and realized that said intestate was dangerously ill, but negligently and carelessly passed him by without providing him with any comforts, restoratives, medicines or physician, and negligently and carelessly failed to notify any physician of the serious condition of said intestate, although six towns were passed through in which physicians resided, and which could have been easily procured if the conductor on said train had performed his duty to said intestate; that said lessee negligently and carelessly failed to remove said intestate from said train after he became ill and unconscious, but negligently brought him on to Salisbury, said train arriving at 7:15 o'clock P. M. That aforesaid lessee, through its servants and agents, failed to remove said intestate from said car or to provide him with any physician, etc., but negligently placed said car upon one of its sidetracks, with said intestate as the only passenger or person therein, and negligently left said intestate in said car on said sidetrack until 10 o'clock next morning without attention, etc. That about 12 o'clock said intestate died.
The defendant Yadkin Railroad Company demurred to the complaint, and assigned as ground of demurrer:
"1. The plaintiff has joined two separate and distinct causes of action arising out of an alleged tort against two separate and distinct defendants.
"First. An alleged cause of action against the North Carolina Railroad Company for alleged acts of negligence by the employees of the Southern Railway Company, while the Southern Railway Company *Page 63 
was alleged to be operating a train over the railroad tracks of the North Carolina Railroad Company, and while said train (46) was not on any railroad tracks of this defendant, with an alleged cause of action against this defendant, for the alleged negligence of the employees of the Southern Railway Company, while operating a train over the railroad of this defendant, and before the said train reached the railroad of the North Carolina Railroad Company.
"Second. That as to this defendant, the complaint does not state facts constituting a cause of action as to those matters alleged to have occurred after the said train left the said road of this defendant, and said cause of action for such alleged negligent acts is solely against the North Carolina Railroad Company, and said cause of action has been improperly joined with an alleged cause of action against this defendant for matters alleged to have occurred on the road and track of this defendant, over which it is not alleged that the North Carolina Railroad Company had any control.
"2. It does not appear from the said complaint, and it is not alleged, that the alleged acts of negligence, alleged to have accurred upon the road of this defendant, caused the death of the plaintiff's intestate.
"3. It does not appear from the said complaint that any acts done or failed to be done, while the said train was on the track or road of this defendant, caused the death of the plaintiff's intestate."
The defendant North Carolina Railroad Company demurred for the same causes set forth in the demurrer of its co-defendant. The cause coming on for hearing, the Court overruled both demurrers. Defendants were allowed to file answer. Defendants excepted and appealed.
That a railroad company which has leased its road bed, track, and rolling-stock to another (47) corporation is liable for the torts of the lessee has been so frequently decided by this and other courts that it cannot now be considered open to discussion. Aycock v. R. R., 89 N.C. 321; Logan v.R. R., 116 N.C. 940; Tillett v. R. R., 118 N.C. 1031; Norton v. R. R.,122 N.C. 910; Pierce v. R. R., 124 N.C. 83. That this liability extends to an injury sustained by a passenger by the negligence of the servants of the lessee is decided in Tillett's case, supra.
In Rocky Mount Mills v. R. R., 119 N.C. 693, it was shown that a number of railroad companies formed an association under the name of the "Atlantic Coast Dispatch." That bills of lading were issued in the name of and by the said association, by which it underook [undertook] to carry *Page 64 
freight from Lowell, Mass., to Rocky Mount, N.C. For negligent delay in carrying such freight the consignee sued two roads members of the association. Faircloth, C. J., said: "Upon examination and reflection we are of the opinion that the defendants, and their connecting lines, are jointly liable, each for the others, on the contract before us, * * * that is to say, that they are engaged in business as partners under the name of the `Atlantic Coast Dispatch.' They are still common carriers, none the less so because they have certain stipulations. Having jointly agreed to conduct the `All-Rail Fast Freight Line' under the name above stated, * * * and having so informed the public and so contracted with the plaintiff, their true character is fixed by the law according to the nature of their business."
The demurrer and argument made to sustain it fails to note the allegation "that both defendants operate jointly the line of said railroad from the Salisbury depot to the Salisbury Cotton Mills, and which is a part of the North Carolina Railroad right-of-way," and the further allegation that the plaintiff's intestate purchased a ticket of the agent of the lessee of said roads from Norwood to Salisbury. The conductor (48) was the employee of the lessee; and the agents and servants whose negligence is complained of were in the employment of the lessee.
The case presented by the complaint comes to this: Two railroad corporations jointly operating their properties through the agency of a lessee between two points connected by their road-beds and tracks, in the discharge of their duty as common carriers undertake to carry plaintiff's intestate over their tracks from Norwood to Salisbury. Why should they not be jointly liable for a failure to discharge the duty undertaken in a joint operation and use of their property in the exercise of their franchise? To hold otherwise would violate elementary principles of law and practically deny to the passenger any remedy. It may be that he could, if so advised, sue each road separately, but as in a case like the one disclosed by the complaint where the negligent acts were continuous and chargeable to the common agent of the defendant's lessee, who, for the purpose of this case, must be considered as the defendants themselves, we can see no reason why he may not join them in one action. The underlying principle upon which the decision is based is the liability of the lessor for the acts of its lessee, this being based upon the principle that a railroad company cannot divest itself of its duty to the public, or its consequent liability, by leasing its track or in any other manner permitting its track to be used by some other corporation.
For the purpose of this appeal the relation of the two roads must be construed as a joint undertaking in the discharge of their duty to the *Page 65 
public as common carriers, using the lessee as their common agent for that purpose. In this point of view it is immaterial whether we treat the cause of action as for a breach of contractual duty or a tort arising out of a breach of contract. The cause was argued before us principally upon demurrer for misjoinder, and we (49) think it best to refrain from entering into any discussion of the merits of the case as disclosed by the complaint. The principles applicable to the case after the facts shall have been developed on the trial are well settled.
The judgment overruling the demurrer and directing the defendants to answer over must be affirmed.
Affirmed.